IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ROBERT BIANCAMANO,

                Plaintiff,        Civil Action No.
                                                  6:12-CV-1825 (GTS/DEP)

   v.

SPECIAL METALS CORPORATION,

                Defendant.
_____

APPEARANCES:

FOR PLAINTIFF:

ROBERT BIANCAMANO
Plaintiff, *pro se*
923 Armory Drive
Utica, New York 13501

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

I.    BACKGROUND

*Pro se* plaintiff Robert Biancamano commenced this employment discrimination action on December 13, 2012, against defendant Special Metals Corporation ("Special Metals"), asserting claims under the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiff has not paid the required fee for filing this action, and instead requests leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2.

Liberally construed, plaintiff's complaint alleges that defendant Special Metals, plaintiff's employer, discriminated and retaliated against him as a result of a disability. *See generally* Dkt. No. 1. Prior to commencing this action, plaintiff received a notice of his right to file suit from the Equal Employment Opportunity Commission, dated September 17, 2012. *Id.* at 9.

Plaintiff's complaint and IFP application have been referred to me for review. For the reasons set forth below, I conclude that plaintiff qualifies for IFP status, but that his complaint should be dismissed, with leave to replead.

II.   DISCUSSION

    A.   Application to proceed *In Forma Pauperis*

When a civil action is commenced in a federal district court, the statutory filing fee, set at $350 at the time plaintiff filed this action, must ordinarily be paid.[1] 28 U.S.C. §§ 1914(a). A court is authorized, however,

---

[1] Effective May 1, 2013, the Judicial Conference increased the fee for commencing an action in a federal district court from $350 to $400 by adding a $50 administrative fee. Because plaintiff commenced this action prior to the effective date

to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[2] In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed IFP is granted.[3]

B.   Sufficiency of Plaintiff's Claims

Because I have found that plaintiff Biancamano meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e).

1.   Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

---

of this increase, the filing fee in this case remains $350.

[2]   The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]   Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

3

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  In deciding whether a complaint meets this standard and states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants,  *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). Nonetheless, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed.  *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'"  *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319,

4

325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").[4]

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (internal quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated

---

[4] Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff.

5

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    <u>Application</u>

Construed with the utmost liberality, plaintiff's complaint alleges that defendant Special Metals discriminated and/or retaliated against plaintiff

based on his disability.  Defendant Special Metals was plaintiff's employer, though it is unclear when plaintiff was terminated.  *See generally* Dkt. No. 1.  It is alleged that plaintiff's disability consists of carpal tunnel in both wrists and ulnar nerve damage in his left arm.  *Id.* at 2.

Generally, the ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of an individual[.]" 42 U.S.C. § 12102(1)(A); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 668 n.7 (2001).  "Major life activities" include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 42 U.S.C. § 12102(2)(A).  "An activity is 'substantially limited' when an individual cannot perform an activity that an average person in the general population could perform, or faces significant restrictions in the condition manner, or duration under which the individual can perform the activity." *Murphy v. Bd. of Educ. of Rochester City School Dist.*, 273 F. Supp. 2d 292, 315 (W.D.N.Y. 2003) (internal quotation marks and alterations omitted).

Here, it is alleged that plaintiff was forced to stop working as a result of his carpal tunnel and ulnar nerve damage in his left arm in August 2010.  Dkt. No. 1 at 8.  Because working is a major life impairment under the ADA, plaintiff's complaint alleges facts plausibly suggesting that he suffers

from an impairment that satisfies the definition of disability.

However, plaintiff's complaint fails to allege facts that plausibly suggest defendant Special Metals discriminated or retaliated against plaintiff as a result of plaintiff's alleged disability. More specifically, in Exhibit A to plaintiff's complaint, it alleges that, after applying for unemployment benefits in July 2012, he did not receive the amount of benefits to which he believed he was entitled. According to the complaint, this discrepancy was caused by defendant Special Metals' human resources manager providing incorrect and delayed information to the office assisting plaintiff with his benefits. Compl. Exh. A (Dkt. No. 1) at 6. There are no allegations from which the court can infer, however, that the conduct of the human resources manager was based upon plaintiff's disability. Similarly, as it relates to the allegations surrounding plaintiff's return to work at Special Metals in January 2012, plaintiff's complaint fails to allege that defendant's alleged failure to train and false accusation of damaged property were motivated by plaintiff's alleged disability. Compl. Exh. B (Dkt. No. 1) at 7.

Because I am unable to conclude that plaintiff's complaint states a claim for disability discrimination or retaliation under the ADA, I recommend that it be dismissed.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend *at least* once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); *Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where the court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). Here, affording plaintiff the deference to which he is entitled as a *pro se* litigant, I recommend that, in the event my recommendations contained in this report are adopted, he be permitted to amend his complaint to address the deficiencies identified above.

In the event that plaintiff chooses to file an amended complaint, it must clearly set forth the facts that give rise to his claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. Plaintiff is also informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that

does not rely on or incorporate by reference any pleading or document previously filed with the court.  *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

III.    SUMMARY AND CONCLUSION

Based upon the foregoing it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further respectfully

RECOMMENDED plaintiff's complaint in this action be DISMISSED, with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby further ORDERED that the clerk of the court serve a copy of this report, recommendation, and order upon the plaintiff in accordance with this court's local rules.

Dated: May 29, 2013
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge